REGAN, Judge.
Defendant, Eurlice J. Ordoyne, has appealed from a judgment condemning him to pay $7,139.00 for personal injuries and property damage incurred by plaintiffs, Gloria, Cindy and Herman Landry as the result of a two-car collision in Highway 23 near Triumph, Louisiana. Plaintiffs sued Ordoyne and their own insurer, State Farm Mutual Automobile Insurance Company, seeking recovery from the latter under their uninsured motorist coverage. The defendants were cast jointly, severally and in solido on the main demand and the insurer obtained a judgment for the full amount of its liability against Ordoyne on a third party claim.[1]
On appeal, defendant has limited his complaint of error to the question of liability.
The facts are not substantially disputed.
On December 24, 1965, defendant was driving his truck in a southbound direction in Highway 23 bound for his daughter’s home. It was his intention to turn from the highway into her driveway. When he reached the point where he intended to execute a left turn he drove on the right shoulder of the road bordering the southbound lane. In order to reach his daughter’s driveway from this point, it was necessary for him to cross both the southbound and northbound lanes of the highway. He explained that he drove up on the shoulder in order to permit traffic to pass in both directions. When the traffic cleared he endeavored to turn across the highway; however, his truck stalled as it straddled the northbound lane, perpendicular to oncoming northbound traffic. As he attempted to restart the engine, his truck was struck broadside by the Landry vehicle as it traveled in the northbound lane. He said he did not see plaintiff’s car at any time before the collision.
*335 Plaintiffs driver, Gloria Landry, testified that she first observed the Ordoyne truck when she was between 500 to 1000 feet south of the point of impact. It was then parked on the shoulder next to the southbound lane. She estimates that when she was about 150 feet from the truck she noticed it moving into the roadway and apparently drove in a southward direction in the appropriate lane. However, when Or-doyne had traveled ten feet, he abruptly turned toward the left cutting directly in front of her oncoming car. She estimates she was only 15 feet from him at the time he drove across her lane. Traveling at a speed of 45 miles per hour, she was unable to stop to avoid the collision which occurred within seconds of the unexpected left turn maneuver. As Mrs. Landry tells it, the truck was in motion when the accident occurred.
The factual dispute is limited to whether or not the Ordoyne truck stalled as it straddled the northbound lane of the highway. The defendant driver requested the appearance of three witnesses — two guest passengers and his wife who was in an automobile a short distance behind the truck — and all testified that the truck stalled. It is significant to emphasize that the defense witnesses described the truck’s stoppage in terms of seconds.
Defendant argues that the foregoing facts established that the proximate cause of the accident was the negligence of the plaintiff driver in failing to timely observe his peril and thus avoid the accident. In assuming this position the defendant driver concedes his own negligence but asserts that the plaintiff’s driver, by the exercise of due care, could have avoided the collision when defendant was unable to extricate himself from his position of peril.[2]
We disagree. Plaintiff’s description of the movement of both vehicles and their respective distances immediately before the impact stands uncontradicted in the record. She was driving at a speed of 45 miles per hour in a 60 m. p. h. speed zone. Thus, whether Ordoyne had stalled momentarily as he insists, or whether he was in motion as Mrs. Landry contends, there is nothing in the record to prove that the plaintiff driver, by the exercise of due diligence, could have avoided the accident. Under either version, the left turn maneuver was made at a point with respect to time and distance when Mrs. Landry could not have been reasonably charged with the duty of bringing her car to a stop. Therefore, we reject the defendant’s contention that the plaintiff’s actions constituted the proximate cause of the accident in conformity with the doctrine of last clear chance.
For the reasons assigned, the judgment appealed from is affirmed. Defendant is to pay all costs incurred herein.
Affirmed.

. Ordoyne’s son filed a separate suit for personal injuries he alleged he incurred in the accident, and these matters were consolidated for trial. Judgment was rendered dismissing this suit and no appeal was taken from that judgment.

. Sanders v. National Surety Corporation, La.App., 230 So.2d 347 (1970).